**ZHONG XIANG YANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 04–6343–ag.

United States Court of Appeals,
Second Circuit.

April 18, 2007.

Henry Zhang, New York, N.Y., for Petitioner.

H.S. Garcia, United States Attorney; Nelson Pérez–Sosa, Jacqueline D. Novas, Assistant United States Attorneys, San Juan, P.R., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhong Xiang Yang, a native and citizen of the People's Republic of China, seeks review of a November 12, 2004, order of the BIA affirming the August 27, 2003 decision of Immigration Judge ("IJ") George T. Chew denying Yang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhong Xiang Yang,* No. A78 745 725 (B.I.A. Nov. 12, 2004), *aff'g* No. A78 745 725 (Immig. Ct. N.Y. City Aug. 27, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS,* 386 F.3d

66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006).

■ Substantial evidence supports the BIA's and IJ's adverse credibility determinations. The IJ accurately identified several discrepancies between Yang's testimony at the 2001 hearing and his testimony at the 2003 hearing. The IJ was not required to accept Yang's explanations for these discrepancies and his decision to reject them was entirely reasonable. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Because the discrepancies were material to Yang's claim that he was persecuted on account of his practice of Christianity, they substantiated the BIA's and IJ's adverse credibility findings. *See Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 295 (2d Cir.2006) (holding that because the BIA "identified a material inconsistency in an aspect of [a petitioner's] story that served as an example of the very persecution from which he sought asylum, ... the inconsistency afforded substantial evidence to support the adverse credibility finding" (internal quotation marks omitted)).

■ Although the IJ's decision was not without error, we need not remand this case because we can state with confidence that the same conclusion would have been reached, absent the error. *See Xiao Ji Chen,* 471 F.3d at 339–40. Because the only evidence of a threat to Yang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Lastly, because Yang has failed to sufficiently challenge the denial of his CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.